United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVINO HERNANDEZ-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:05-CR-2370-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Silvino Hernandez-Hernandez (Hernandez) appeals the 41-month term of imprisonment imposed on his guilty-plea conviction for illegal reentry following deportation. He objects to the 16-level "crime of violence" enhancement based on his prior conviction for aggravated battery with a firearm under Florida Statute Annotated § 784.045(1)(a). After Hernandez filed his appeal, we held that the relevant offense qualifies as crime of violence under the Sentencing Guidelines "because it has as an element at least a threatened use of force." United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dominguez, 479 F.3d 345, 347-49 (5th Cir. 2007); see § 2L1.2(b)(1)(A)(ii), comment. (n.1(B)(iii)). The enhancement of Hernandez's sentence was proper.

Hernandez further asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) cause the statute to be unconstitutional. This argument is foreclosed under Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). We repeatedly have rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez properly concedes that this argument is foreclosed and that he raises it only to preserve it for further review.

The judgment of the district court is AFFIRMED.